JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

DEBORAH R. DOUGLAS (NYBN 2099372)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   Facsimile: (510) 637-3724
   E-Mail: deborah.r.douglas@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR10-00220 DLJ |
| Plaintiff, ) | |
| v. ) | DETENTION ORDER AND SPEEDY TRIAL EXCLUSION |
| EMILIO LOPEZ-GARCIA, ) | |
| Defendant. ) | |

## I. DETENTION ORDER

On March 29, 2010, the defendant was arraigned before the Court on an indictment charging Illegal Reentry Following Deportation, in violation of 8 U.S.C. § 1326(a) and (b). After being advised of his right to present evidence under 18 U.S.C. § 3142(f), the defendant waived his right to present evidence at a bond/detention hearing but reserved his right to present such evidence at a later date. After considering the factors set forth in 18 U.S.C. § 3142(g), the Court finds that no condition or combination of conditions in section 3142(c) will reasonably assure the defendant's appearance in this case. In particular, defendant is an illegal alien who has pending charges for drug-trafficking offenses under 09-01207 SBA . Also, the ICE detainer and the lack of information about defendant's ties to the community further supports that no conditions will reasonably assure

DETENTION ORDER
(CR10-00220 DLJ)

the defendant's appearance as required.

## II. SPEEDY TRIAL EXCLUSION

For the reasons stated in open court on March 29, 2010, the Court excluded time under the Speedy Trial Act from March 29, 2010 to April 23, 2010 to enable defense counsel to review discovery and for continuity of counsel. Government's counsel is not available on Friday, April 2, 2010, and the defense counsel is not available on Friday, April 9, 2010 and Friday, April 16, 2010, when the assigned district court judge calls his criminal calendar. In addition, the Court found that (A) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation and continuity of counsel, taking into account the exercise of due diligence, and (B) the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(1)(7)(A) & (B)(iv).

## III. CONCLUSION

The Court detains the defendant as a flight risk without prejudice to his raising the bail issue at a future hearing and excludes time under the Speedy Trial Act as set forth in the previous section. The Court orders the defendant committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. *See* 18 U.S.C. § 3142(i)(2). The defendant must be afforded a reasonable opportunity to consult privately with counsel. *See id.* § 3142(i)(3). On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance. *See id.* § 3142(i)(4).

IT IS SO ORDERED.

DATED: March 31, 2010

LAUREL BEELER
United States Magistrate Judge

DETENTION ORDER
(CR10-00220 DLJ)